IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY LYMAN, | No. C 07-3903 MMC |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

On July 30, 2007, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee.

Plaintiff seeks damages for alleged violations of his constitutional rights that occurred when Contra Costa County Jail officials assertedly used excessive force against him on February 24, 2005. Plaintiff concedes that he raised these identical claims in a previous action filed in this court, Lyman v. Lambert, et al., No. C 06-1877 MMC (PR). That action was dismissed on February 6, 2007, when the Court granted defendants' motion to dismiss the complaint on the ground that plaintiff had failed to exhaust administrative remedies. (See Order of Dismissal, filed Feb. 6, 2007.) In the present action, plaintiff asserts he should be allowed to proceed with his claims in this new complaint because any further attempt by him to exhaust administrative remedies would be futile. (Compl. at 10-11.)

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28

1  U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss
2  any claims that are frivolous, malicious, fail to state a claim upon which relief may be
3  granted or seek monetary relief from a defendant who is immune from such relief.  See id. §
4  1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v.
5  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

6      Duplicative or repetitious litigation of virtually identical causes of action is subject to
7  dismissal under 28 U.S.C. § 1915 as malicious.  See Bailey v. Johnson, 846 F.2d 1019, 1021
8  (5th Cir. 1988).[1]  Further, district courts retain broad discretion to control their dockets,
9  which includes the dismissal of duplicative later-filed actions.  See Adams v. California, 487
10  F.3d 684, 688, 692-94 (9th Cir. 2007).  To determine whether a suit is duplicative, and thus
11  subject to dismissal, the court examines "whether the causes of action and relief sought, as
12  well as the parties or privies to the action, are the same."  Id. at 689.

13      Here, plaintiff concedes that the claims in the present complaint are identical to those
14  brought in his previous action; they involve the same incident of excessive force, the same
15  defendants, the same alleged constitutional violations, and the same request for relief.  He
16  maintains, however, that he should be allowed to proceed with his claims herein because any
17  further attempt by him to exhaust his administrative remedies concerning the claims would
18  be futile.  In support of his contention, plaintiff sets out the steps he allegedly took when
19  attempting to exhaust his administrative remedies in 2005, and details the alleged failures of
20  jail officials to adequately respond to those attempts.

21      Plaintiff's argument that jail officials prevented him from exhausting his
22  administrative remedies in 2005 was fully addressed and rejected by the Court in plaintiff's
23  prior action, specifically, in its order granting defendants' motion to dismiss for failure to
24  exhaust administrative remedies.  Accordingly, the action will be dismissed as duplicative of

---

[1] Bailey addressed the court's authority to dismiss an action prior to service as "frivolous or malicious" under the previous in forma pauperis statute, 28 U.S.C. § 1915(d). That statute was subsequently codified at 28 U.S.C. § 1915(e) by the Prison Litigation Reform Act of 1995.  As noted above, 28 U.S.C. § 1915A, which applies to any civil action filed by a prisoner, similarly mandates that the court dismiss such action prior to service if the court determines that the action is "frivolous or malicious."

2

1 plaintiff's prior action raising the same claims.

2     For the foregoing reasons, the above-titled action is hereby DISMISSED with
3 prejudice as duplicative, pursuant to 28 U.S.C. § 1915A(b).

4     The Clerk shall close the file.

5     IT IS SO ORDERED.

6 DATED: January 4, 2008

7     _____
    MAXINE M. CHESNEY
    United States District Judge